UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEO DAISY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03305-GCS |
| | ) |
| MAC'S CONVENIENCE STORES LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

**INTRODUCTION AND BACKGROUND**[1]

Pending before the Court is Plaintiff's motion to remand. (Doc. 10). Defendant opposes the motion. (Doc. 17). Based on the reasons delineated below, the Court **DENIES** the motion to remand.

On February 9, 2021, Plaintiff Cleo Daisy Johnson originally filed her complaint in the Circuit Court of Madison County, Illinois, *Johnson v. MAC's Convenience Stores, LLC d/b/a Circle K*, 2021-L-000176. (Doc. 10-1). Plaintiff alleged that Defendant MAC's Convenience Stores, LLC, was negligent with respect to a trip and fall on ice that occurred

---

[1] For the sake of brevity and clarity, the Court limits its recitation of the procedural history of this matter to only the facts necessary to determine whether subject matter jurisdiction existed at the time of removal.

in 2019. *Id.* Thereafter, Plaintiff filed an amended complaint in the Circuit Court on September 22, 2021, to which Defendant answered on October 4, 2021. (Doc. 10-3, 10-4). On July 15, 2022, Defendant filed a third-party complaint against Minton Outdoor Services, Inc., an Illinois snow removal company, for contribution and contractual indemnity. (Doc. 17-2). Subsequently, on February 9, 2023, Plaintiff filed a voluntary dismissal without prejudice, (Doc. 10-5), and the Circuit Court of Madison County, Illinois dismissed the action without prejudice on April 27, 2023. (Doc. 17-5, 17-6).

On August 18, 2023, Plaintiff refiled a complaint against Defendant based on the same facts as the previous dismissed case and under the same case number, 2021-L-000176. (Doc. 10-6). On October 6, 2023, Defendant removed the case to this judicial district pursuant to 28 U.S.C. §§ 1441 and 1446 on diversity jurisdiction grounds, 28 U.S.C. § 1332. (Doc. 1). After Defendant removed the case to this Court, Plaintiff, on October 27, 2023, filed a motion for withdrawal of complaint in the Circuit Court of Madison County, Illinois noting that she mistakenly filed the complaint under the old case number. (Doc. 10-7). That same day, Plaintiff filed a new complaint in the Circuit Court of Madison County based on the same set of facts as this case against Defendant and Minton Outdoor Services, Inc., *Johnson v. MAC's Convenience Stores, LLC, et al.*, 2023-LA-001490. (Doc. 10-8).

Three days later, on October 30, 2023, Plaintiff filed the instant motion to remand based on untimeliness of removal arguing that Defendant removed the case over two

years after the filing date of the original complaint. (Doc. 10). Plaintiff also alleged that the removal was improper. *Id.* Defendant filed its opposition on November 28, 2023. (Doc. 17). The current dispute centers on the question of whether Defendant's removal was timely and proper.

## DISCUSSION

As the party invoking the jurisdiction of this Court, Defendant bears the burden of establishing federal jurisdiction. *See Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-353 (7th Cir. 2017). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a).

In this case, the parties do not dispute that there is complete diversity and that the amount in controversy has been met. Plaintiff is a citizen of Illinois. Defendant is a citizen of Delaware and Indiana, and it is the sole member of Alimentation Couche-Tard, Inc., which is a citizen of Quebec, Canada. Further, Plaintiff alleges that she has suffered permanent physical injuries and that she has sought medical treatment and expenses. Plaintiff further alleged that in the future, she will seek additional medical treatment and incur more expenses. Based on these allegations, the amount in controversy is clearly

satisfied. *See, e.g.*, *McCoy by Webb v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) (stating that "courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount . . . ."). Thus, it is reasonable to assume that Plaintiff's alleged damages will exceed $75,000.00. Diversity jurisdiction is therefore proper.

Removal is governed by 28 U.S.C § 1441. Removal is proper if the case could have been originally brought in federal court. *See Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). When removal jurisdiction is challenged, a court's jurisdiction is measured at the time of removal, and it is not affected by subsequent events. *See In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

Here, after the Circuit Court of Madison County, Illinois dismissed Plaintiff's case without prejudice, Plaintiff refiled her complaint in the same Court with the same case number on August 18, 2023. (Doc. 1-1). Plaintiff then served Defendant with the complaint on September 8, 2023, and Defendant removed the case to this judicial district within 30 days on October 6, 2023. (Doc. 1). Based on these facts at the time of removal, Defendant's removal was timely, and the Court has subject matter jurisdiction over the

case.[2]  Federal procedural rules apply after a notice of removal is filed, not state rules. *See Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 977 (7th Cir. 2011); *Claiborne v. Wisdom*, 414 F.3d 715, 720 (7th Cir. 2005).

## CONCLUSION

Accordingly, the Court **DENIES** the motion to remand. (Doc. 10).

**IT IS SO ORDERED**.

**DATED:   December 18, 2023.**

Digitally signed by Judge Sison
Date: 2023.12.18 15:43:53 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[2]  Both parties raised extraneous arguments that are not proper or necessary for the Court to determine whether it has subject matter jurisdiction over this case. Therefore, the Court need not address these arguments as the Court finds that these arguments are suited better for disposition in Defendant's motion to dismiss and for sanctions. (Doc. 18).