UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEO DAISY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03305-GCS |
| | ) |
| MAC'S CONVENIENCE STORES LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

## INTRODUCTION AND BACKGROUND

On March 6, 2024, the Court, *sua sponte,* asked the parties to brief the possibility of abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. 34). The parties did so. (Doc. 39, 40). Having considered the parties' briefs, the applicable law, and the unique circumstances in which the case came before the Court, the Court finds that it must abstain from exercising jurisdiction over this matter.

On February 9, 2021, Plaintiff Cleo Daisy Johnson originally filed her complaint in the Circuit Court of Madison County, Illinois, *Johnson v. MAC's Convenience Stores, LLC d/b/a Circle K*, no. 2021-L-000176. (Doc. 10-1). Plaintiff alleged that Defendant MAC's Convenience Stores, LLC, was negligent with respect to a slip and fall on ice that occurred

in 2019. *Id.* Thereafter, Plaintiff filed an amended complaint in the Circuit Court on September 22, 2021, to which Defendant answered on October 4, 2021. (Doc. 10-3, 10-4). On July 15, 2022, Defendant filed a third-party complaint against Minton Outdoor Services, Inc. ("Minton Services"), an Illinois snow removal company, for contribution and contractual indemnity. (Doc. 17-2). Subsequently, on February 9, 2023, Plaintiff filed a voluntary dismissal without prejudice, (Doc. 10-5), and the Circuit Court of Madison County, Illinois, dismissed the action without prejudice on April 27, 2023. (Doc. 17-5, 17-6).

On August 18, 2023, Plaintiff refiled a complaint against Defendant MAC's Convenience Stores, LLC, in state court based on the same facts. Plaintiff, however, refiled the case using the original case number, 2021-L-000176, which had been previously dismissed by the Circuit Court of Madison County, Illinois. (Doc. 10-6). On October 6, 2023, Defendant removed the matter to this judicial district pursuant to 28 U.S.C. §§ 1441 and 1446 on diversity jurisdiction grounds, 28 U.S.C. § 1332. (Doc. 1). After Defendant removed the case to this Court, Plaintiff, on October 27, 2023, filed a motion for withdrawal of that complaint in the Circuit Court of Madison County, Illinois, noting that she mistakenly filed the complaint under the original case number, 2021-L-000176. (Doc. 10-7). That same day, Plaintiff filed a new complaint in the Circuit Court of Madison County based on the same set of facts as this case against Defendant *and* Minton Services, *Johnson v. MAC's Convenience Stores, LLC, et al.*, no. 2023-LA-001490. (Doc. 10-8). Three

days later, on October 30, 2023, Plaintiff filed a motion to remand based on the untimeliness of removal arguing that Defendant removed the case over two years after the filing date of the original complaint. (Doc. 10). Defendant filed its opposition on November 28, 2023. (Doc. 17). On December 18, 2023, the Court denied the motion to remand. (Doc. 22).

Cognizant of the *Colorado River* doctrine, the Court asked the parties to inform the Court of the status of the Circuit Court Case, no. 2023-LA-001490. (Doc. 32). Plaintiff filed a notice on March 5, 2024, indicating that the case remained pending and that a status conference was set in that matter for April 4, 2024. (Doc. 33). Given the ongoing proceedings in state court, the Court asked the parties to brief the applicability of the *Colorado River* doctrine as it pertains to this case and to file briefs by March 27, 2024. (Doc. 34). The parties filed their respective briefs on March 27, 2024. (Doc. 39, 40). The Court also stayed all deadlines pending the resolution of this issue. (Doc. 41). As the issue is ripe, the Court turns to address the matter.

## DISCUSSION

Federal-court abstention "is the exception, not the rule." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 496 (7th Cir. 2011) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)). Abstention is justified only in "exceptional circumstances," *id.*, such as "where denying a federal forum would clearly serve an important countervailing interest[.]" *Id.* at 496-497 (quoting *Quackenbush v. Allstate Inc. Co.*, 517 U.S. 706, 716 (1996)). Those

interests include "'considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.'" *Id.* at 497 (quoting *Quackenbush*, 517 U.S. at 716).

A federal court's ability to abstain under the *Colorado River* doctrine is "considerably more limited" than under other theories of abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). A federal court may abstain "when parallel state court and federal court lawsuits are pending between the same parties." *Adkins*, 644 F.3d at 498. A court considering abstention under this doctrine must conduct a two-part inquiry. First, the court must determine whether the federal and state actions are "actually parallel." *Tyrer v. City of South Beloit, Illinois*, 456 F.3d 744, 751 (7th Cir. 2006). If the two suits are parallel, the court must consider whether exceptional circumstances "justify abstention." *Adkins*, 644 F.3d at 500.

To justify *Colorado River* abstention, the state court litigation must "be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). "Two suits are parallel . . . '[if] substantially the same parties are contemporaneously litigating substantially the same issues.'" *Adkins*, 644 F.3d at 498 (quoting *Tyrer*, 456 F.3d at 752). Indeed, "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case," once the state court action has concluded. *Moses H. Cone*, 460 U.S. at 28. *See also Adkins*, 644

F.3d at 499 (stating that when analyzing whether two suits are parallel, the examination turns on whether there is a "'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'") (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). One "important factor" in determining parallelism "is whether both cases would be resolved by examining largely the same evidence." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 647 (7th Cir. 2011). And "any doubt regarding the parallel nature of the [two] suit[s] should be resolved in favor of exercising jurisdiction." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1019 (7th Cir. 2014) (quoting *AAR International, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

Ten factors inform the exceptional circumstance analysis: "1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim." *Adkins*, 644 F.3d at 500-501. The Court need not weigh all the factors equally, but "the evaluation must be made 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* at 501 (quoting *Moses H. Cone*, 460 U.S. at 16).

Defendant argues that the federal and state actions are not concurrent or parallel

proceedings and that there are no exceptional circumstances that warrant the application of the doctrine. Plaintiff, on the other hand, argues that the federal and state proceedings are concurrent or parallel and that the balance of the exceptional circumstances warrant the application of the doctrine.

Here, the federal and state court cases are concurrent/parallel.[1] The parties are identical except for the addition of Defendant Minton Services in the state court case, no. 2023-LA-0001490. The Court, however, notes that Minton Services was a third-party Defendant in the original action, no. 2021-L-000176, and *was added* by the Defendant on July 15, 2022. (Doc. 17-2). The "parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants . . . ." *Freed*, 756 F.3d at 1020. Further, the causes of action are the same, as the allegations are based on the same set of facts and center around Plaintiff's slip and fall on ice that occurred in 2019 at Defendant's store. The issue in both cases is who is responsible for this accident. As the Court finds that the cases are concurrent/parallel, the Court must address the "exceptional circumstances" factors.

---

[1] Defendant cites to *Foster v. Velocity Investments, LLC*, No. 07 C 0824 and 07 C 2989, 2007 WL 2461665 (N.D. Ill. Aug. 24, 2007), to support its position that the cases are not concurrent because there is no valid state court proceeding in that Plaintiff voluntarily dismissed her first and second complaint. In *Foster*, the court found that the proceedings were not concurrent because the Plaintiff alleged that the state law cases had been dismissed. *Id.* at *4-5. The Court, however, rejects this argument. In the instant matter, Plaintiff states she mistakenly refiled a complaint against Defendant in case no. 2021-L-000176 so she filed a motion to withdraw that complaint and filed a new complaint against Defendant and Minton Services based on the same facts in case no. 2023-LA-001490. (Doc. 10-7, 10-9, 40).

Defendants argue that nine of the ten factors weigh against abstention. Plaintiff, however, contends that nine of the ten factors weigh in favor of abstention. Based on the analysis of the required factors, the Court finds that the balance weighs decidedly towards abstention.

Regarding the ten-factor analysis, two do not seem readily applicable. Both parties agree that the first factor, *i.e.*, whether the state has assumed jurisdiction over the property, is not applicable. As to the tenth factor, *i.e.*, the vexatious or contrived nature of the federal claim, this also does not appear to be applicable as there are no federal claims involved. Rather, the case is before the Court on removal jurisdiction consisting solely of state law claims.

One factor is arguably neutral in the balancing analysis. The seventh factor requires the Court to analyze the relative progress of the state and federal court proceedings. With respect to the instant proceedings and the current proceedings in state court, both are in the early stages of litigation. However, the Court notes that in the original state court case, prior to Plaintiff's voluntary dismissal, the case was well into the discovery process with the Plaintiff's deposition having been taken. The Defendant also added third party, Minton Services through a third-party complaint.

Two factors appear to weigh against abstention and in favor of maintaining jurisdiction. The second factor considers the inconvenience of the federal forum. Here,

Plaintiff concedes that this Court's location is not geographically inconvenient. Thus, this factor weighs against abstention.

The fourth factor requires the court to examine the order in which jurisdiction was obtained by the concurrent forums. Plaintiff initially filed suit against Defendant in 2021 in state court, no. 2021-L-000176, based on the same facts as alleged here. (Doc. 10-1). During that litigation, on July 15, 2022, Defendant filed a third-party complaint against Minton Services, the snow removal company, for contribution and contractual indemnity. (Doc. 17-2). Plaintiff voluntarily moved to dismiss that action without prejudice on February 9, 2023, and the state court granted the motion on April 27, 2023. (Doc. 10-5, 17-5, 17-6). On August 18, 2023, Plaintiff refiled the complaint against Defendant in the Circuit Court of Madison County mistakenly using the original state court case number. The Defendant then removed the matter to federal court on October 6, 2023. On October 27, 2023, Plaintiff moved to withdraw the complaint she re-filed in state court. That same day, Plaintiff filed a new complaint against Defendant and Minton Services, which was assigned case number 2023-LA-001490. Thus, at least nominally, when comparing the instant federal case and the currently ongoing state case, jurisdiction was originally established in federal court. The Court, however, cannot ignore that substantive proceedings took place in the original state case, no. 2021-L-000176. As such, a credible argument could be made that jurisdiction was first established in state court.

The remaining factors weigh in favor of abstention. The Court begins its analysis with what it views as the most critical factors given the context of this case. The eighth factor requires the Court to determine whether there is concurrent jurisdiction. In a typical removal case, there will not be concurrent jurisdiction as the state court case is transferred to the federal forum. It is only after a successful remand where the state court obtains jurisdiction again. Thus, there are no state court proceedings while the matter is pending in federal court. Here, however, when Plaintiff re-initiated the case, after it had been voluntarily dismissed, she mistakenly did so with the original case number of 2021-L-000176. When Defendant removed the case, it was that case number that was removed to federal court, and it is that case which is no longer proceeding in state court. Plaintiff, however, should not have re-filed the case with the original case number. Plaintiff corrected the mistake by re-filing the case in state court, which was assigned case number 2023-LA-001490. That case is currently proceeding in state court. The Court is thus faced with the unique scenario where both state and federal courts have concurrent jurisdiction. Both cases are currently proceeding, and neither court has the ability or authority to halt the proceedings in the other jurisdiction. This factor accordingly weighs in favor of abstention.

The Court next examines the ninth factor, which concerns the availability of removal. This factor is also critical because if a federal forum is not available, the Court should accordingly abstain from exercising jurisdiction. Looking first at the currently

pending state case, no. 2023-LA-001490, complete diversity does not exist between the parties. Defendant Minton Services and Plaintiff are Illinois citizens, so removal is not available. Removal was also not available in the original state court case as Defendant Minton Services was added as a third-party defendant. That state court case and the currently pending federal case did not become removable until Plaintiff mistakenly re-filed her complaint against Defendant (without Minton Services) in August 2023 using original case no. 2021-L-000176.

Defendant argues that Plaintiff filed the currently pending state court lawsuit with Minton Services, no. 2023-LA-001490, solely to escape federal jurisdiction. While that may indeed be the case, Plaintiff has a right to the forum of her choice. *See, e.g., Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (stating that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."). It should also be noted that the Defendant initially brought Minton Services in the original state court case, no. 2021-L-000176, via a third-party complaint on July 15, 2022. This is almost a year and a half after Plaintiff originally filed her case in state court in February 2021. The Court further notes that when the case was first filed, it was removable as Minton Services was not originally named. But, since the Defendant did not remove the case within the 30-day period allotted by statute, the case could no longer be removed by the time Minton Services was added. *See, e.g.,* 28 U.S.C. § 1446 (noting that "removal of a civil action or proceeding shall be filed within 30 days after the receipt by

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . .").

While the filing of this lawsuit could be viewed as an attempt to evade federal jurisdiction, the real question is whether the addition of Minton Services amounted to fraudulent joinder. It is only if Minton Services is fraudulently joined, and its citizenship is ignored that the currently pending state court case can be removed to federal court. Fraudulent joinder comes into play when the plaintiff names a nondiverse party as a defendant, against whom the plaintiff has no justifiable claim, for the sole purpose of destroying diversity jurisdiction. "Fraudulent joinder is difficult to establish[,]" and it requires the defendant to demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). In other words, there is "[no] reasonable possibility" the plaintiff could prevail on their claim against the non-diverse defendant. *Poulos*, 959 F.2d at 73.

Fraudulent joinder is inapplicable here because Plaintiff clearly has a claim against Minton Services. An Illinois Appellate Court noted that "a contract to provide snow-removal services can itself create a duty in tort to remove snow or ice – a duty that extends to an individual coming on to the property." *Mickens v. CPS Chicago Parking, LLC*, 131 N.E.3d 1158, 1169 (Ill. App. Ct. 1st Dist. 2019). The court relied on Section 324A of the

Restatement (Second) of Torts, which relevantly provides: "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Id.* Illinois follows the Restatement (Second) of Torts and the Illinois Courts of Appeals have determined snow-removal contracts are a type of contract that is recognized (for the purposes of Section 324A) as being for the protection of third parties coming onto the landowner's property. Minton Services is thus potentially liable to Plaintiff for the slip and fall on ice that occurred on Defendant's property. The addition of Minton Services thus makes perfect sense from the Plaintiff's standpoint. It also makes sense from the Defendant's standpoint as the Defendant itself added Minton Services as a third-party defendant in the original state court case for contribution and contractual indemnity.

The Court further notes that if it declines to abstain and chooses to exercise jurisdiction, the likely result will be a remand back to state court. While Minton Services is not currently a party in the pending federal case, it would be a simple matter for Plaintiff to file a motion to amend the complaint and add Minton Services as a party. If Minton Services is added, complete diversity would be lacking, and the Court would be required to remand the case back to Madison County. If faced with such a motion, the

Court will be required to analyze the proposed joinder under 28 U.S.C. § 1447 and the factor test set out in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447 (e). These are the only options provided as "the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur*, 577 F.3d at 759.

In determining whether to permit joinder, the Court analyzes the *Schur* factors, which are: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759. The first factor involves a fraudulent joinder analysis and is given considerable weight. *See, e.g.*, *Harper v. Central Wire, Inc.*, Case No. 19 C 50287, 2022 WL 1102018, at *6 (N.D. Ill. April 13, 2022) (despite injury and timeliness weighing against joinder, leave to amend was granted). *See also Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 136 (E.D.N.Y. 2003) (remanding case where delay factor weighed against joinder, the prejudice factor was neutral, the risk of multiple litigation was neutral, but lack of an improper motive weighed in favor of permitting joinder). While the Court does not have everything it needs to conduct a complete *Schur* analysis, the fact that there is no fraudulent joinder will be significant.

The above cases demonstrate that courts tend to remand when there is no fraudulent joinder even when other *Schur* factors are present and/or neutral. Thus, the very distinct possibility exists that the Court will have to remand the case back to state court even if the Court declines to abstain and continues with the pending federal case.

The third, fifth, and sixth factors also weigh in favor of abstention. The third factor concerns the desirability of avoiding piecemeal litigation. With neither court having the ability to halt proceedings in the other jurisdiction, the Court finds that piecemeal litigation will occur as two suits regarding the same issues will be proceeding simultaneously. The fifth factor involves whether the source of governing law is state or federal. The claims raised in both cases are based on state law claims of negligence. Thus, both cases will be governed by Illinois state substantive law, as opposed to federal law. As to the sixth factor, *i.e.*, the adequacy of the state-court action to protect Plaintiff's rights, the Court finds that the state law action can adequately protect Plaintiff's interest in this case because the issues raised here are the same ones currently before the state court.

Based on the required ten-factor analysis, the Court notes that two factors are not applicable, and one is neutral. Of the remaining seven factors, two weigh against abstention, but one of those factors, *i.e.*, the order in which jurisdiction was obtained, only favors maintaining jurisdiction ever so slightly. The remaining five factors decidedly weigh in favor of abstention, especially the eighth and ninth factors, *i.e.*, the presence or absence of concurrent jurisdiction and the availability of removal, respectively. The Court

finds that in the overall balance exceptional circumstances are present. Given that two essentially identical cases are proceeding in state and federal court simultaneously, abstention serves the important "countervailing interest" of "wise judicial administration." *Adkins*, 644 F.3d at 496-497. Abstention is thus warranted.

### CONCLUSION

Accordingly, the Court finds that the *Colorado River* doctrine applies. Thus, the Court **ABSTAINS** from exercising jurisdiction over this matter, **STAYS** this matter until the resolution of the state court case, and **DENIES as moot** Defendant's Motion to Dismiss and for Sanctions. (Doc. 18).[2] When the state court litigation terminates, any party may move this Court to lift the stay and proceed with this case in a manner consistent with the state court's rulings and any applicable principles of *res judicata. See, e.g., Rogers v. Desiderio,* 58 F.3d 299, 302 (7th Cir. 1995) (stating that "[i]t is sensible to stay proceedings until . . . [the] state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion.").

**IT IS SO ORDERED**.

DATED: September 30, 2024.

Digitally signed by Judge Sison
Date: 2024.09.30 13:09:08 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[2] The Seventh Circuit has held that a stay instead of a dismissal is the appropriate procedure because a stay keeps the federal forum available if the state court action does not result in a final judgment. *See Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1989); *Selmon v. Portsmouth Drive Condominium Ass'n,* 89 F.3d 406, 409–410 (7th Cir. 1996); *Lumen Constr., Inc. v. Brant Constr. Co. Inc.,* 780 F.2d 691, 697–698 (7th Cir. 1985). Accordingly, the federal suit is stayed pending resolution of the state court litigation.